IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LLOYD HRONIS,

      Petitioner,           No. CIV S-08-0390 FCD KJM P

  vs.

TOM FELKER, et al.,

      Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

                            /

      Petitioner, a state prisoner proceeding pro se, has filed an action on the court's form for an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the action, he complains that prison officials have implanted "devices" in his body which allow him to be "monitored and tracked."

      In considering whether to dismiss an action as frivolous pursuant to § 1915(d), the court has especially broad discretion. <u>Conway v. Fugge</u>, 439 F.2d 1397 (9th Cir. 1971). The Ninth Circuit has held that an action is frivolous if it lacks arguable substance in law and fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court's determination of whether a complaint or claim is frivolous is based on "'an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" <u>Franklin</u>, 745 F.2d at 1227 (citations omitted).

1

1     Petitioner's petition was filed with the Court of Appeals on October 1, 2007 and
2 transferred to this court on February 21, 2008.  The court's own records reveal that on July 1 and
3 July 8, 2004, petitioner filed petitions containing virtually identical allegations against the same
4 respondents.  (No. Civ. S-04-1267 GEB DAD & No. Civ. S-04-1302 LKK PAN ).[1]  Due to the
5 duplicative nature of the present action, the court finds it frivolous and, therefore, will dismiss
6 the petition.  28 U.S.C. § 1915(d).

7     In addition, in determining whether an action is frivolous, the court may "pierce
8 the veil of the complaint's factual allegations and dismiss those claims whose factual contentions
9 are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Such allegations include
10 those "describing fantastic or delusional scenarios, claims with which federal district judges are
11 all too familiar."  Neitzke, 490 U.S. at 328; see also Denton v. Hernandez, 504 U.S. 25, 33
12 (1992) (finding of frivolousness appropriate when allegations are irrational or wholly
13 incredible).
14 Petitioner's claim that he is being tracked by devices implanted in his body satisfies this
15 definition of frivolous.

16 /////
17 /////
18 /////
19 /////
20 //////
21 //////
22 /////
23 /////
24 /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 4, 2008.

_____
U.S. MAGISTRATE JUDGE

2/ hron0390.friv